FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT

2011 AUG 24  AM 10: 18

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

SHANDA MATHIS, ET. AL.
PLAINTIFFS

CIVIL ACTION NO. 2:11-CV-395

JUDGE FROST

VS.

MAGISTRATE JUDGE KING

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, ET. AL.
DEFENDANTS

**PLAINTIFFS' AMENDED/Supplemental ComplAINT w/ JOINDER OF Additional Defendants**

NOW COMES, Plaintiff Shanda Mathis and Plaintiff minors; M.C.; M.C; D.C.; D.C.;

A.C.; request and moves this Court pursuant to Federal Rules of Civil Procedure 15(a)(2),

15(d), and 20(a)(2), ( I) to amend and supplement the Complaint filed by Plaintiff Shanda

Mathis on May 06, 2011 (II)  to join Alonna Watkins, caseworker for Franklin County

Children Services; Eric Fenner-past/former executive director of Franklin County

children Services; Shawn Holt-past/former executive director of national youth advocate

program; Mindy Jones-caseworker for national youth advocate program; Gayle

Westbrook-guardian ad litem; David Colley-attorney for national youth advocate

program; Terry Julian-state prosecutor officer;  Judge Jorgensen-magistrate judge for

Franklin County Domestic Relations; Jim Mason-Chief Judge for Franklin County

Domestic Relations; Helen Kelley-Jones former/past director of ODJFS; Hodges-

caseworker of ODJFS; Glenda Smith-supervisor of caseworkers of ODJFS as party

defendants; and (III) to amend the caption of the case accordingly and (IV) to clarify the

1

issues of the lawsuit for Defendants and the courthouse.

Mathis leave to amend her complaint pursuant to Federal rule of Civil Procedure 15(a)(2).

Defendants named within this motion would not be prejudice to this action since they

have knowledge and direct contact with Plaintiffs when violations were taking place.

Plaintiffs learned that additional Defendants committed numerous acts that fall within the

claims alleged by Plaintiff in this action.

**WHEREFORE**, Plaintiffs respectfully requests and move that this court enter :

(1)  amending/supplementing complaint for the Plaintiffs

(2)  identify and join Defendants as the following named parties;  Alonna Watkins,

caseworker for Franklin County Children Services; Eric Fenner-past/former executive

director of Franklin County children Services; Shawn Holt-past/former executive director

of national youth advocate program; Mindy Jones-caseworker for national youth advocate

program; Gayle Westbrook-guardian ad litem; David Colley-attorney for national youth

advocate program; Terry Julian-state prosecutor officer;  Judge Jorgensen-magistrate

judge for Franklin County Domestic Relations; Chief judge Jim Mason for Franklin

County Domestic Relations;Helen Kelley-Jones former/past director of ODJFS; Hodges-

caseworker of ODJFS; Glenda Smith-supervisor of caseworkers of ODJFS   as party

defendants;  and

Amending the caption of this action accordingly.


Plaintiffs request and move that the Defendants be required to file a pleading in response,

if any, not more than fourteen days after service of the Amended Complaint.



Respectfully submitted,


Shanda Mathis
Pro Se/Plaintiff
810 Wedgewood Dr Apt 7
Columbus, Ohio 43228
614-732-5327

## CERTIFICATE OF SERVICE

I, _____ , CERTIFY THAT ON
AUGUST     , 2011, I FILED AN CORRECT TRUE COPY TO SOUTHERN
DISTRICT COURT OF THE EASTERN DIVISION AND COPY MAILED VIA
UNITED STATES MAIL PRE PAID POSTAGE or VIA FAX  TO:

IN THEUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shanda Mathis Et. Al.,                                    Case No. 2:11-CV-395
    PLAINTIFFS,

VS.                                                       Judge Frost

Ohio Job and Family Services, Et. Al,.                    Magistrate Judge King
    DEFENDANTS,

**SUPPLEMENTAL/AMENDED
COMPLAINT**

4

**RECEIVED**

MAY 06 2011

JAMES BONINI, CLERK
COLUMBUS, OHIO

UNITED STATES SOUTHERN DISTRICT COURT
EASTERN DIVISION

SHANDA MATHIS AND MINORS- M.C.; M.C; D.C.; D.C; A.C.
PLAINTIFFS

VS

**2:11 CV 395**

JUDGE FROST

OHIO JOB AND FAMILY SERVICES; FRANKLIN COUNTY CHILDREN
SERVICES; OHIO YOUTH ADVOCATE PROGRAM;
DEFENDANTS

MAGISTRATE JUDGE KING

Now comes Shanda Mathis as Plaintiff and on the behalf of herself and minor Plaintiffs

being M.C; M.C.; D.C.; D.C.; A.C.; for the violation of their Fourth and Fourteenth

Amendment rights of the United States Constitution. Plaintiffs state Defendants seize

(kidnapped) minor Plaintiffs under no violation of law or legal cause of action thus

restraining Plaintiff free movement therefore Plaintiffs are stating that an R.I.C.O.

violation can be established by Defendants premeditated conductk-(Racketeering and

Influenced, Corruption Organization Acts-Under the law, **racketeering activity** means:

- Any violation of state statutes against gambling, murder, kidnapping, extortion,
  arson, robbery, bribery, dealing in obscene matter, or dealing in a controlled
  substance or listed chemical (as defined in the Controlled Substances Act);

- Any act of bribery, counterfeiting, theft, embezzlement, fraud, dealing in obscene
  matter, obstruction of justice, slavery, racketeering, gambling, money laundering,
  commission of murder-for-hire, and several other offenses covered under the
  Federal criminal code (Title 18); is being committed by Defendants causing
  Fourth Amendment violation of the United States Constitution.



Defendants conspired together under the color of official law to violate Plaintiffs

Fourteenth amendment rights of the United States Constitution when Franklin County

Children Services knew of Columbus Police Department violation and discrimination on

July 6, 2007 where no other complaints to Franklin County Children Services about

Plaintiffs was within the system.

Ohio Department Jobs and Family Services(ODJFS) discriminated and violated Plaintiffs

Fourteenth Amendment Rights of the United States by denying Plaintiffs assistance when

minor Plaintiffs were temporary out of the home where assistance could have helped

Plaintiffs keep home and helped hardship circumstance where the assistance program is

intended for needy families or families needing extra assistance.

Defendants ODJFS and Franklin county children services are under the same federal

agency being United States Health and Human Services thus, monetary gains and funding

causing Defendants to conspire to attain federal funds.

Defendants Ohio Youth Advocate Program committed aggravate sexual abuse of minors

Plaintiffs where they were aware of Sexual violator/offender orders to stay away from

minors.

Plaintiff states Franklin County Juvenile/defendants court violated Plaintiffs Fourteenth

Amendment by continuing violations of Plaintiffs rights  under the color of official law

by stating that Plaintiff was unable to have custody of minor plaintiffs because she had no



furniture within the home even though housing items/furniture was within local storage.

Chief Judge of Franklin County Juvenile knew Plaintiffs were not homeless because an

civil protect order was filed and dismissed where chief judge personally resided over case

where Plaintiff lived with relative.

Defendants robbed Plaintiffs of an home and several rights thus, violating the fourteenth

amendment of the United States Constitution.

Plaintiff Mathis states that Defendants Ohio Youth Advocate Program (now known as the

National Youth Advocate Program, Inc. and hereinafter referred to as NYAP) answer to

Plaintiffs complaint is defenseless and NYAP is liable for treble damages to Plaintiffs.



Plaintiff Shanda Mathis and minor Plaintiffs has and will provide grounds for the

entitlement for relief.  Defendants are liable for the allegation of fraud where Defendants

submitted an fraudulent document to the court of law to commit kidnapping, malicious

prosecution and conspiracy with racketeering behavior within an established enterprise.

Plaintiffs can state an claim where Plaintiffs are entitled to relief from Defendants.

Plaintiffs state that Defendants knowingly under law, filed an fraudulent complaint

against Plaintiff Shanda Mathis stating that she was homeless and believed that she was

being stalked by different entities to constitute the legit process of kidnapping minor

Plaintiffs through the color of official law where Defendants actions caused the judicial

system action to be corrupt causing fraudulent activities within their judicial process

among other crimes and to partake within the conspiracy of the corruption of minors and

among other crimes of due process of the Fourteenth Amendment of the United states

Constitution.  Defendants allowed an sexual predator that under court records and their

own records was not suppose to be around minor children where Defendants still allowed

sexual predator within foster home of kidnapped minor Plaintiffs thus Defendants was the

criminal within this crime and assisted the criminal within this sexual perverse nature

where they were to protect minor Plaintiffs.  Defendants NYAP committed fraud and

perjury where they stated Plaintiff Shanda Mathis had prior complaints within the

Children Services.  Defendant NYAP committed negligence where they owed Plaintiffs

due care to fairly and by policy investigate the matters of complaint whereas they did not

care to investigate and when Defendants did investigate, bias and discrimination was

permitted to keep the minor Plaintiffs under siege by Ohio Health and Human Services

administrative departments by denying Plaintiff to have returned custody of minor



Plaintiffs after Plaintiff Shanda Mathis had two homes and one home, Defendants did an

home study and found the home suitable for children even though Plaintiff furniture items

were within storage unit. Defendants committed and participated, allowed conspiracy to

continue with other Defendants to intimidate and premeditate kidnapping and conspiracy

and knowingly participated in this crime thus the conspiracy through the enterprise of

official business units or governmental agencies. Defendants committed reckless

abandonment where they knew placing an child predator around an child where they

knew the record of child predator not being or being ordered to stay away from child,

would cause injury to the safety and well being of that child. Defendants committed

negligence in regards to fraudulent complaint and malicious prosecution and violation of

Plaintiffs due process and substantial rights of the Fourteenth Amendment of the United

States Constitution by coercion/forcing Plaintiff Mathis to an mental evaluation on

hearsay evidence and statement of another person where even if Plaintiff Mathis did state

that she was being stalked, was an matter for the police and not an risk of injury or danger

to her children to be removed from Plaintiff Mathis home. Defendants committed the

obstruction of justice and bribery through the Franklin County Domestic Court to keep

minor Plaintiffs kidnapped for monetary funds from the Federal Government to fund

Defendant and other Defendants agencies programs and employees. Defendants

committed sex trafficking of children or by force, fraud, or coercion by allowing another

minor charged with sexual offenses to be allowed around minor Plaintiffs where sexual

predator was not suppose to be around other minors by court record was allowed within

the home of minor Plaintiffs that Defendants seized illegally. Defendants committed

abuse or threat of abuse of law or legal process where Plaintiff realized the failure of her



to get an mental evaluation by duress and violation of the 14th amendment right of the

United States Constitution that she would never get her children back from Defendants

NYAP illegal custody where Plaintiff was under duress being she knew/suspected that

minor Plaintiffs were in danger within Defendants care being that she had no law

enforcement remedies or legal remedies available to her.  Defendants violated Ohio Civil

rule 2921.45 interfering with civil rights where Defendants deprive and conspired to

deprive Plaintiffs of their constitutional rights by knowingly making false report of abuse,

neglect and dependence.  Defendants violated Ohio Civil Rule 2921.14 Making or

causing false report of child abuse or neglect where Defendants knowingly made or cause

another person to make a false report under division (B) of section 2151.421[2151.42.1]

or neglected child under 2151.03 of the revised code.  Defendants committed violation of

Ohio revised rule 2921.03 Intimidation where no person knowingly and by force, by

unlawful threat of harm to any person or property, or by filing, recording, or otherwise

using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a

wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public

servant.  This conduct was violated when Defendants decided to go wayward of polices

and laws to follow an corrupt court and corrupt law enforcement by trying to intimidate

court officials with illegal court proceedings and charges against Plaintiff Shanda Mathis.

Defendants violated Plaintiff Shanda Mathis substantial fourteenth amendment rights of

the United states Constitution by subjecting her to an mental evaluation under hearsay

evidence where it does not have any bearing within the court proceedings.  In Re Larry

and Scott H., 92 Ohio L. Ab. 436, 24 Ohio Op. 2d 334, 192 N.E. 2d 683(JC 1963) Before

juvenile court can find that children are dependant in that lack of proper care because of



mental condition of their mother, it is necessary for petitioner to produce onto only evidence of the mother's mental incapacity, but also evidence showing that the children lacked proper care because of the mental incapacity.

Plaintiff Shanda Mathis is not practicing the unauthorized practice of law.  Plaintiff Mathis is representing the interests of all plaintiffs within this case by Federal Civil Rule 17, allowing an next of kin to bring lawsuit on behalf of minors where as long as minor Plaintiffs names are included within the lawsuit.  Plaintiff Shanda Mathis has the authority of Federal Civil Rule 17 to represent her minor children as additional Plaintiffs. An private citizen has the right to sue inviduals and enterprise for treble damages if Plaintiff can prove Defendants committed an act of racketeering that caused injury to Plaintiffs through the Rico Act being 18 U.S.C. 1962.

Defendants NYAP has the right to be sued when employees act with malicious purpose, in bad faith, or in a wanton or reckless manner.  Defendant NYAP knew of violation of policy, constitutional laws by co Defendants and employees where Plaintiff can show that employees and head director Shawn Holt because Plaintiffs requested Defendant Holt to an small claim proceeding on failure of employees to carry out proper duties toward Plaintiffs, Defendants knew of the misconduct and reckless manner regarding this case and did not intervene to control/discipline employees even when Plaintiff requested an ombudsman/grievance concerning the alleged complaint of neglect and abuse or when employees did not care out proper duties toward Plaintiffs.  Defendants were reckless to leave minor children with an know pedophile and to disregard law and not by all means try to keep the Plaintiffs together as regards to an complaint of homelessness where Defendants have the ability and funds to house Plaintiffs or take Plaintiffs to an homeless

shelter that serve families whereas Plaintiff did have housing, verified by the Defendants during court action by correspondence with landlords and legal evidence of lease. Defendants acted in bad faith and reckless manner by stating Plaintiff stated that she was being stalked where that is an hearsay statement and no present harm or injury was justifiable for the minor Plaintiffs illegal seizure. Defendants were aware that complaint was frivolous being they verified within court that they spoke to landlord and Plaintiffs indeed had an home and was not homeless. The statement of stalking is not an matter for Defendants but law enforcement and an belief would not put minor Plaintiffs of any danger and did not pose any danger to minor Plaintiffs and was not allowable within the court of law being that statement was hearsay and had nothing to do with the minor Plaintiffs whereas an relative that was present at initial illegal seizure of the minor Plaintiffs stated that through testimony and affidavit that she indeed stated stalking statement. Defendants acted in bad faith and reckless manner to commit conspiracy, kidnapping, aggravated sexual abuse, bribery to achieve their goals of federal funding for themselves and other Defendants with no legal basis thus immunity is forfeit by the Defendants and its employees. Defendant executive director over the whole units of Defendants NYAP were aware of this reckless manner and bad faith of employees where executive director was subpoenaed to court by Plaintiff Shanda Mathis thus Defendants forfeiture their immunity within this lawsuit. Defendants fail and withheld to provide monetary funds to assist Plaintiff

Plaintiffs can sue under the Rico Act being 18 U.S.C. 1962 for an private citizen legal entitlement for relief for racketeering and conspiracy crimes. Plaintiffs can prove within an fair due process court proceeding that Defendants acting under state laws caused



Plaintiffs to be subjected to the deprivation of the Fourth and Fourteenth Amendment right of the United States Constitution by subjecting Plaintiffs to kidnapping under the color of official law and fraudulent complaint without trying to keep family together by state law guidelines or policy of their agency and forcing/coercion Plaintiff Mathis to an mental evaluation where hearsay evidence that had nothing to do with minor Plaintiffs well being or have an exception to be used within an court of law and by keeping minor Plaintiffs hostage with force until Plaintiff Mathis had this mental evaluation done which violated her substantial rights of the Fourteenth Amendment of the United states Constitution and deprived Plaintiffs of their liberty and right to be free without restraint without proper due process, right to raise an family without state/political interference. Defendants deprived Plaintiff Mathis of her 14th amendment rights when they stated she needed an mental evaluation whereas Defendants and co conspirators allowed Plaintiff to represent herself within court proceedings thus stating she was competent to raise her minor Plaintiffs as she seen fit thus , showing without an reasonable doubt that Defendants acted in bad faith and reckless manner. Defendants failed to address Plaintiff claims of violation of their fourth amendment rights by the United States constitution being minor Plaintiffs illegal seizure thus minor Plaintiffs being able to remain in custody of Plaintiff Mathis. Defendant violated the Fourteenth Amendment of the United States by withholding monetary assistance to Plaintiffs to assist with Plaintiff Mathis sustaining her home where Defendants stated that Plaintiff Mathis needed to get out storage unit/furniture to attain minor Plaintiffs within her custody.

Plaintiffs sought release of minor Plaintiffs to Plaintiff Mathis custody whereas this



present adjudication seeks monetary (treble damages) and public acknowledgement of Defendants conspiracy, bribery, obstruction of justice, sexual trafficking of minors, corruption of minors, abuse of legal process among other violation of Fourth and Fourteenth amendment rights of the United states Constitution.

Defendants are liable for the allegation of fraud where Defendants submitted an fraudulent document to the court of law to commit kidnapping, malicious prosecution and conspiracy with racketeering behavior within an established enterprise.  Plaintiffs can state an claim where Plaintiffs are entitled to relief from Defendants.  Plaintiffs state that Defendants knowingly under law, filed an fraudulent complaint against Plaintiff Shanda Mathis stating that she was homeless and believed that she was being stalked by different entities to constitute the legit process of kidnapping minor Plaintiffs through the color of official law where Defendants actions caused the judicial system action to be corrupt causing fraudulent activities within their judicial process among other crimes and to partake within the conspiracy of the corruption of minors and among other crimes of due process of the Fourteenth Amendment of the United states Constitution.  Defendants allowed an sexual predator that under court records and their own records was not suppose to be around minor children where Defendants still allowed sexual predator within foster home of kidnapped minor Plaintiffs thus Defendants was the criminal within this crime and assisted the criminal within this sexual perverse nature where they were to protect minor Plaintiffs.  Defendants NYAP committed fraud and perjury where they stated Plaintiff Shanda Mathis had prior complaints within the Children Services.

Defendant Defendants NYAP committed negligence where they owed Plaintiffs due care to fairly and by policy investigate the matters of complaint whereas they did not care to

14

investigate and when Defendants did investigate, bias and discrimination was permitted
to keep the minor Plaintiffs under siege by Ohio Health and Human Services
administrative departments by denying Plaintiff to have returned custody of minor
Plaintiffs after Plaintiff Shanda Mathis had two homes and one home, Defendants did an
home study and found the home suitable for children even though Plaintiff furniture items
were within storage unit. Defendants committed and participated, allowed conspiracy to
continue with other Defendants to intimidate and premeditate kidnapping and conspiracy
and knowingly participated in this crime thus the conspiracy through the enterprise of
official business units or governmental agencies. Defendants committed reckless
abandonment where they knew placing an child predator around an child where they
knew the record of child predator not being or being ordered to stay away from child,
would cause injury to the safety and well being of that child. Defendants committed
negligence in regards to fraudulent complaint and malicious prosecution and violation of
Plaintiffs due process and substantial rights of the Fourteenth Amendment of the United
States Constitution by coercion/forcing Plaintiff Mathis to an mental evaluation on
hearsay evidence and statement of another person where even if Plaintiff Mathis did state
that she was being stalked, was an matter for the police and not an risk of injury or danger
to her children to be removed from Plaintiff Mathis home. Defendants committed the
obstruction of justice and bribery through the Franklin County Domestic Court to keep
minor Plaintiffs kidnapped for monetary funds from the Federal Government to fund
Defendant and other Defendants agencies programs and employees. Defendants
committed sex trafficking of children or by force, fraud, or coercion by allowing another
minor charged with sexual offenses and not suppose to be around other minors by court



record to be in the home of minor Plaintiffs that Defendants seized illegally. Defendants

committed abuse or threat of abuse of law or legal process where **Plaintiff** realized the

failure of her to get an mental evaluation by duress and violation of **the** 14th amendment

right of the United States Constitution that she would never get her **children** being minor

Plaintiffs back from Defendants illegal custody where Plaintiff was **under** duress being

she knew/suspected that minor Plaintiffs were in danger within Defendants care being

that she had no law enforcement remedies or legal remedies available to her. Defendants

violated Ohio Civil rule 2921.45 interfering with civil rights where Defendants deprive

and conspired to deprive Plaintiffs of their constitutional rights. Defendants violated

Ohio Civil Rule 2921.14 Making or causing false report of child abuse or neglect where

Defendants knowingly made or cause another person to make a false report under

division (B) of section 2151.421[2151.42.1] or neglected child under 2151.03 of the

revised code. Defendants committed violation of Ohio revised rule 2921.03 Intimidation

where no person knowingly and by force, by unlawful threat of harm to any person or

property, or by filing, recording, or otherwise using a materially false or fraudulent

writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall

attempt to influence, intimidate, or hinder a public servant. This conduct was violated

when Defendants decided to go wayward of polices and laws to follow an corrupt court

and corrupt law enforcement by trying to intimidate court officials with illegal court

proceedings and charges against Plaintiff Shanda Mathis. Defendants violated Plaintiff

Shanda Mathis substantial fourteenth amendment rights of the United states Constitution

by subjecting her to an mental evaluation under hearsay evidence where it does not have

any bearing within the court proceedings. In Re Larry and Scott H., 92 Ohio L. Ab. 436,



24 Ohio Op. 2d 334, 192 N.E. 2d 683(JC 1963) Before juvenile court can find that children are dependant in that lack of proper care because of mental condition of their mother, it is necessary for petitioner to produce onto only evidence of the mother's mental incapacity, but also evidence showing that the children lacked proper care because of the mental incapacity.

Plaintiffs claim is not barred by the statutes of limitation being the Rico Act statutes of limitation is four years and there is no statute of limitation for kidnapping, aggravated sexual abuse, sexual abuse, fraud, corruption of minor and abuse of legal process, malicious prosecution and racketeering. Statute of limitations when officer of the court is found to have fraudulently presented facts to court so that court is impaired in impartial performance of its legal tasks, the act, known as fraud upon the court, no statute limitations.

The minor Plaintiffs are able to have lawsuit brought on their behalf by next of kin being Federal Civil rule 17 or if the court feels Plaintiff Mathis inadequate to accelerate the legal claims of minor Plaintiffs then an limited guardian ad litem can assist and be appointed by the court of law to assist minor Plaintiffs. Defendants had control being that they could have reported these crimes to the proper officials and authority figures for state or federal prosecution instead of participating within wrongdoing.

Plaintiffs claims are not barred by the Eleventh Amendment of the United States Constitution or doctrine of sovereign immunity whereas state has immunity but waives immunity when state acts in bad faith, reckless manner, wanton behavior or negligence behavior. Counties and municipalities does not have immunity from eleventh amendment of the United States Constitution thus where Plaintiff can sue the state or state agencies

17

where immunity is waived or because of discrimination.

Plaintiffs are entitled to an jury trial by the United States Constitution and their rights as American citizens.

. Defendants are liable for the allegation of fraud where Defendants submitted an fraudulent document to the court of law to commit kidnapping, malicious prosecution and conspiracy with racketeering behavior within an established enterprise. Plaintiffs can state an claim where Plaintiffs are entitled to relief from Defendants. Plaintiffs state that Defendants knowingly under law, filed an fraudulent complaint against Plaintiff Shanda Mathis stating that she was homeless and believed that she was being stalked by different entities to constitute the legit process of kidnapping minor Plaintiffs through the color of official law where Defendants actions caused the judicial system action to be corrupt causing fraudulent activities within their judicial process among other crimes and to partake within the conspiracy of the corruption of minors and among other crimes of due process of the Fourteenth Amendment of the United states Constitution. Defendants allowed an sexual predator that under court records and their own records was not suppose to be around minor children where Defendants still allowed sexual predator within foster home of kidnapped minor Plaintiffs thus Defendants was the criminal within this crime and assisted the criminal within this sexual perverse nature where they were to protect minor Plaintiffs. Franklin County Children Services committed fraud and perjury where they stated Plaintiff Shanda Mathis had prior complaints within the Children Services. Defendant Franklin County Children Services committed negligence where they owed Plaintiffs due care to fairly and by policy investigate the matters of complaint whereas they did not care to investigate and when Defendants did investigate, bias and

*18*

discrimination was permitted to keep the minor Plaintiffs under siege by Ohio Health and

Human Services administrative departments by denying Plaintiff to have returned custody

of minor Plaintiffs after Plaintiff Shanda Mathis had two homes and one home,

Defendants did an home study and found the home suitable for children even though

Plaintiff furniture items were within storage unit. Defendants committed and

participated, allowed conspiracy to continue with other Defendants to intimidate and

premeditate kidnapping and conspiracy and knowingly participated in this crime thus the

conspiracy through the enterprise of official business units or governmental agencies.

Defendants committed reckless abandonment where they knew placing an child predator

around an child where they knew the record of child predator not being or being ordered

to stay away from child, would cause injury to the safety and well being of that child.

Defendants committed negligence in regards to fraudulent complaint and malicious

prosecution and violation of Plaintiffs due process and substantial rights of the Fourteenth

Amendment of the United States Constitution by coercion/forcing Plaintiff Mathis to an

mental evaluation on hearsay evidence and statement of another person where even if

Plaintiff Mathis did state that she was being stalked, was an matter for the police and not

an risk of injury or danger to her children to be removed from Plaintiff Mathis home.

Defendants committed the obstruction of justice and bribery through the Franklin County

Domestic Court to keep minor Plaintiffs kidnapped for monetary funds from the Federal

Government to fund Defendant and other Defendants agencies programs and employees.

Defendants committed sex trafficking of children or by force, fraud, or coercion by

allowing another minor charged with sexual offenses and not suppose to be around other

minors by court record to be in the home of minor Plaintiffs that Defendants seized



illegally. Defendants committed abuse or threat of abuse of law or legal process where Plaintiff realized the failure of her to get an mental evaluation by duress and violation of the 14th amendment right of the United States Constitution that she would never get her children being minor Plaintiffs back from Defendants illegal custody where Plaintiff was under duress being she knew/suspected that minor Plaintiffs were in danger within Defendants care being that she had no law enforcement remedies or legal remedies available to her. Defendants violated Ohio Civil rule 2921.45 interfering with civil rights where Defendants deprive and conspired to deprive Plaintiffs of their constitutional rights. Defendants violated Ohio Civil Rule 2921.14 Making or causing false report of child abuse or neglect where Defendants knowingly made or cause another person to make a false report under division (B) of section 2151.421[2151.42.1] or neglected child under 2151.03 of the revised code. Defendants committed violation of Ohio revised rule 2921.03 Intimidation where no person knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant. This conduct was violated when Defendants decided to go wayward of polices and laws to follow an corrupt court and corrupt law enforcement by trying to intimidate court officials with illegal court proceedings and charges against Plaintiff Shanda Mathis.   Defendants violated Plaintiff Shanda Mathis substantial fourteenth amendment rights of the United states Constitution by subjecting her to an mental evaluation under hearsay evidence where it does not have any bearing within the court proceedings.  In Re Larry and Scott H., 92 Ohio L. Ab. 436, 24 Ohio Op. 2d 334, 192 N.E. 2d 683(JC 1963) Before juvenile



court can find that children are dependant in that lack of proper care because of mental condition of their mother, it is necessary for petitioner to produce onto only evidence of the mother's mental incapacity, but also evidence showing that the children lacked proper care because of the mental incapacity. Defendants committed an Civil False Claim Act where they received federal funds for false allegations, frivolous prosecution, fraudulent complaints of abuse of minor Plaintiffs. In a 2000 case, _Vermont Agency of Natural Resources v. United States ex rel. Stevens_, 529 U.S. 765 (2000),[27] the United States Supreme Court endorsed the "partial assignment" approach to qui tam relator standing to sue under the False Claims Act — allowing private individuals to sue on behalf of the U.S. government for injuries suffered solely by the government.

Plaintiff Shanda Mathis is not practicing the unauthorized practice of law. Plaintiff Mathis is representing the interests of all plaintiffs within this case by Federal Civil Rule 17, allowing an next of kin to bring lawsuit on behalf of minors where as long as minor Plaintiffs names are included within the lawsuit. Plaintiff Shanda Mathis has the authority of Federal Civil Rule 17 to represent her minor children as additional Plaintiffs. An private citizen has the right to sue inviduals and enterprise for treble damages if Plaintiff can prove Defendants committed an act of racketeering that caused injury to Plaintiffs through the Rico Act being 18 U.S.C. 1962.

The policy and custom that was violated by Defendants were failure to keep family together through their policy and court policy Ohio rule 2151.419 Court's determination as to whether agency made reasonable efforts to prevent removal or to return child safely home where Defendants verified through landlord that Plaintiffs were in fact in an home at adjudication and not homeless and an eviction never filed where Plaintiffs moved Sept



2007 to an apartment then that apartment dwelling being visited by Defendants and co

conspirators allowed Plaintiff to represent herself within court proceedings thus stating

she was competent to raise her minor Plaintiffs as she seen fit thus , showing without an

reasonable doubt that Defendants acted in bad faith and reckless manner. Defendants

failed to address Plaintiff claims of violation of their fourth amendment rights by the

United States constitution being illegal seizure under no laws or legal basis where

Plaintiffs being homeless which is not an crime thus showing Defendants by all means

necessary were reaching under the color of official law to keep minor Plaintiffs hostage

with no legal remedy available because of co conspirators.

Ex parte Young, 209 U.S. 123 (1923), the Supreme court ruled that federal courts may

enjoin state officials from violating federal law thus no immunity. Defendants are

responsible under respondeat superior where the violations of policies and federal

protected rights while representing the agency being Franklin County Children Services.

The general nature of responsibilities by their employees was incidental to the

responsibilities of the agent/employee authorized to perform. Employee was motivated in

some degree to benefit the principal by committing the violation of federal protected

rights and polices of the act. Defendants were aware of constitutional complaint by

Plaintiffs through the illegal abuse of court process.

WHEREFORE, Plaintiffs request and move for this court to dismiss all of Defendants

motion to dismiss, motion for judgment or any other motions of dismissal and request

that this lawsuit continue without false defence, delay, deny and demand for scheduling

order and jury trial.  Plaintiffs be rewarded damages of emotional and physical distress

and treble damages.  Plaintiffs request monetary damages totaling EIGHT BILLION

DOLLARS.

Respectfully submitted,

*Shanda Mathis*
Shanda **Mathis**
Pro Se/Plaintiffs
810 Wedgewood Dr Apt 7
Columbus, Ohio 43228
614-732-5327

### CERTIFICATE OF SERVICE

I, Shanda Mathis , CERTIFY THAT ON
AUGUST 24, 2011, I FILED AN CORRECT TRUE COPY TO SOUTHERN
DISTRICT COURT OF THE EASTERN DIVISION AND COPY MAILED VIA
UNITED STATES MAIL PRE PAID POSTAGE or VIA FAX  TO:

Rebecca Thomas
Assist. Att. General
30 E. Broad St 26th flr
Columbus, Ohio 43215
(614) 466-8600
(614) 466-8090 -FAX
Counsel for ODJFS
Defendant Counsel for
  ODJFS - Helen Jones
  Hodges - Glenda Smith

David Colley
1303 E. Main St
Columbus OH 43205
FAX 614 252 0133
Defendant NYAP
          OYAP

Gayle Westbrook
Defendant
3435 Indianola Ave
Columbus, OH, 43241

Charles Milless
1303 E Main St
Columbus, OH 43205
FAX 614 251 4897
Defendant OYAP
for Shawn Holt,
Mindy Jones -
David Colley

Raymond Colon
Franklin County
Prosecutor office
373 S. High St
Columbus OH 43215
614 525 3520
Counsel for Defendants
FCCS - Alonna Watkins
Eric Fenner - Terry
Julian - Judge Jorgenson
    JUDGE Mason

23