UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANDA MATHIS, et al.,

      Plaintiffs,

    v.

OHIO DEPARTMENT OF JOB
AND FAMILY SERVICES, et al.,

      Defendants.

Case No. 2:11-cv-395
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Defendant Franklin County Children Services' ("FCCS") motion to dismiss (ECF No. 7), Plaintiffs' memorandum in opposition to FCCS's motion to dismiss (ECF No. 17), Defendant Ohio Department of Job and Family Services' ("ODJFS") motion for judgment on the pleadings (ECF No. 14), Plaintiffs' memorandum in opposition to ODJFS's motion for judgment on the pleadings (ECF No. 21), and ODJFS's reply memorandum (ECF No. 23). For the reasons that follow, the Court **GRANTS** FCCS's motion and **GRANTS** ODJFS's motion.

### I. Background

Plaintiff Shanda Mathis, individually and on behalf of her minor children, alleges that defendants, ODJFS, FCCS, and Ohio Youth Advocate Program, conspired to seize her minor children without legal basis and in violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also alleges a claim for relief under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1962 (c) and (d) ("RICO"), for corrupt activity and conspiracy to engage in a corrupt activity.

## II. Standards

**A. Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (clarifying the plausibility standard articulated in Twombly). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . .' *Twombly*, 550 U.S. at 555. "The court must 'accept all the . . . factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[].' " *Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

**B. Fed. R. Civ. P. 12(c)**

The Court reviews motions made under Rule 12(c) of the Federal Rules of Civil Procedure in the same manner it would review a motion made under Rule 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Accordingly, to survive a defendant's motion for judgment on the pleadings, the plaintiff's complaint must state a claim to relief that is plausible on its face, as explained in more detail above. *See Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929; *Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

### III. ODJFS's Motion for Judgment on the Pleadings

A. RICO

Defendant ODJFS moves for judgment on the pleadings on Plaintiffs' RICO claim arguing, *inter alia*, that it is immune from this claim and, even if it were not, civil RICO claims cannot be maintained against a governmental entity. This Court agrees.

**1. RICO claim cannot be maintained against ODJFS**

A complaint asserting a RICO claim must allege the (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, SPRL v. Imrex Co.*, 473 U.S. 479, 496, 87 L. Ed. 2d 346, 105 S. Ct. 3275 (1985); *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389 (6th Cir. 1996). To establish a "racketeering activity," a plaintiff must allege a predicate act. *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (quoting *Kenty*, 92 F.3d at 389). As to Plaintiffs' conspiracy claim, 'to prove a RICO conspiracy under 18 U.S.C. § 1962(d), the [plaintiff] must establish, in addition to the aforementioned elements, the existence of an illicit agreement to violate the substantive RICO provision." *United States v. Sinito*, 723 F.2d 1250, 1260 (6th Cir. 1983) (citation omitted).

Here, Plaintiffs have failed to state a RICO claim upon which relief can be granted against the ODJFS because ODJFS cannot form the specific intent necessary to establish a RICO claim. While the Sixth Circuit has not directly ruled on this issue, an unpublished Sixth Circuit case and district courts within the Sixth Circuit have all held that a RICO claim cannot be established against a county because a county cannot form the specific intent necessary to establish a RICO claim. *See Cargile v. Michigan*, No. 10-10072, 2010 U.S. Dist. LEXIS 82993, *17-19 (E.D. Mich. June 18, 2010) (citing *Call v. Watts*, No. 97-5406, 1998 U.S. App. LEXIS

6875, 1998 WL 165131, at *2 (6th Cir. Apr.2, 1998) (*per curiam*) (stating that counties cannot form the requisite mens rea); *McGee v. City of Warrensville Hts.*, 16 F. Supp.2d 837, 848 (N.D. Ohio 1998) (stating that "a municipality is incapable of forming the specific intent associated with the underlying predicate acts of fraud"); County of Oakland by Kuhn v. City of Detroit, 784 F. Supp. 1275, 1283 (E.D. Mich. 1992) ("Upon the weight of authority, this court holds that a municipal corporation cannot form the requisite criminal intent and cannot be held liable under the civil RICO laws.")). Similar to the counties, municipalities, and corporations in these cases, ODJFS cannot form the requisite criminal intent to be held liable under civil RICO laws.

### 2. ODJFS possesses sovereign immunity against the RICO claim

ODJFS argues that it enjoys immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign State.

U.S. Const. Amend. XI. Therefore, the Eleventh Amendment generally bars suit against a state. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 97-98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), *overruled in part on other grounds*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45; *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). ODJFS is an agency of the State of Ohio. *See Harkless v. Brunner*, 545 F.3d 445, 455 (6th Cir. 2008). ODJFS therefore enjoys Ohio's sovereign immunity in federal court, unless waived by the state. *Allen v. Ohio Dep't of Job and Family Servs.*, 697 F. Supp. 2d 854, 907-08 (S.D. Ohio 2010). Ohio has not waived its sovereign immunity in federal court. *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (citing *Johns v. Supreme Court of Ohio*, 753

4

F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982)).

With regard to abrogation, our sister district court succinctly explains that:

> Congress may abrogate sovereign immunity where Congress's authority to act arises under § 5 of the Fourteenth Amendment, but it must make its intent to abrogate immunity explicit and clear. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). . . . In this case, however, RICO does not arise under § 5 of the Fourteenth Amendment, . . . Congress did not indicate its intent to abrogate state sovereign immunity and therefore the United States Supreme Court has read the statute as preserving immunity. *Quern*, 440 U.S. 332 at 345, 99 S. Ct. 1139, 59 L. Ed. 2d 358.

*Cargile*, 2010 U.S. Dist LEXIS 82993, at *9-10.

In her memorandum in opposition, Plaintiff argues that ODJFS does not enjoy sovereign immunity because it is not a state agency, but is instead a county agency. Plaintiff, however, is mistaken. ODJFS is a state agency. *See Harkless*, 545 F.3d at 455 ("The Ohio DJFS is a state agency established by statute and 'administered by the director of job and family services.' Ohio Rev. Code Ann. § 121.02(H).").

Consequently, even if Plaintiff were able to maintain a RICO claim against ODJFS, that claim could not survive because ODJFS enjoys sovereign immunity from such a claim. The Court concludes that, even when accepting all of Plaintiffs' well pleaded facts as true, Plaintiffs' have failed to allege a plausible RICO claim against ODJFS.

**B. 42 U.S.C. § 1983**

ODJFS argues that it is entitled to judgment as a matter of law on Plaintiffs' claims that it violated their Fourth and Fourteenth Amendment rights because, among other reasons, it cannot be sued under 42 U.S.C. § 1983. This Court agrees.

5

As a preliminary matter, the Court would notes that Plaintiffs do not specifically identify their constitutional claims as being brought pursuant to 42 U.S.C. § 1983. However, as there is no direct cause of action under the United States Constitution, Plaintiffs' constitutional claims can only be filed pursuant to § 1983. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983.").

Plaintiffs assert that their rights under the Fourth and Fourteenth Amendments were violated. A plaintiff claiming a violation of a federal constitutional right may sue a "person" under 42 U.S.C. § 1983 to obtain redress. The term "person" as used in Section 1983, however, does not include a sovereign state or its departments and agencies. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70-71 (1989). As stated above, ODJFS is an agency of the State of Ohio. *See Harkless*, 545 F.3d at 455. Therefore, ODJFS is not a "person" within the meaning of Section 1983, and so ODJFS cannot be sued under § 1983.

The Court concludes that, even when accepting all of Plaintiffs' well pleaded facts as true, Plaintiffs' have failed to allege a plausible 42 U.S.C. § 1983 claim against ODJFS. Accordingly, the Court **GRANTS** ODJFS's motion for judgment on the pleadings as it relates to Plaintiffs' RICO claim.

### IV. FCCS's Motion to Dismiss

FCCS argues that it is entitled to dismissal of Plaintiffs' claims against it because, *inter alia*, it can only be held liable under 42 U.S.C. § 1983 if its officials acted pursuant to a policy, custom, or procedure that injured Plaintiffs. This Court agrees.

6

As a general rule, local governments and counties are not "persons" under § 1983 and thus, not subject to suit, even where acting under color of state law. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1977). Only where "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [complained of] injury[,]" counties and other local governments are considered a "person" for purposes of § 1983. *Id*. at 694. Plaintiffs argue that FCCS should be held liable for the actions of its employees pursuant to the doctrine of *respondeat superior*. A municipality, however, "cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691 (emphasis in original).

The Sixth Circuit, in *Petty v. County of Franklin*, 478 F.3d 341, 347-48 (6th Cir. 2007), articulated a two-part test for determining whether the *Monell* standard has been satisfied, stating that

> [t]he mandate of *Monell* and its progeny requires (1) that a municipality be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," . . . and (2) that there be an "affirmative link between the policy and the particular constitutional violation alleged[.]"

*Petty*, 478 F.3d at 347 (citing *Monell*, 436 U.S. at 694; *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)) (internal citations omitted).

Examples of municipal "policy or custom" vary depending upon the theory upon which a plaintiff relies. A municipal policy or custom may be shown by the plaintiff pointing to duly adopted municipal law, *Pembaur v City of Cincinnati*, 475 U.S. 469, 480 (1986), or to a statement by a policymaking official, *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989),

or to a custom so widespread and well-settled "as to have the force of law," *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997), or to inadequate screening, training or supervision by the municipality of its employees, *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (screening) and *City of Canton v. Harris*, 489 U.S. 378, 390 (1989) (training and supervision). In the case *sub judice*, Plaintiff argues that "[t]he policy and custom that was violated by Defendants were (sic) failure to keep family together through their policy and court policy Ohio rule 2151.419[.]" Even if this Court were to accept Plaintiffs' claim that her complaint alleges such a policy, which it does not, that allegation is simply insufficient. Indeed, Plaintiffs' claim that Defendants have a policy of keeping families together and that FCCS violated that policy in this instance. Plaintiffs do not allege that FCCS has a policy or custom to keep families apart, which is the harm Plaintiffs' allege they suffered.

The Court concludes that, even when accepting all as true all Plaintiffs' well pleaded allegations, they have failed to allege a plausible claim for relief against FCCS.

## V. Conclusion

Based on the foregoing, the Court **GRANTS** Defendant Franklin County Children Services' motion to dismiss (ECF No. 7) and **GRANTS** Defendant Ohio Department of Job and Family Services' motion for judgment on the pleadings (ECF No. 14). The Clerk is **DIRECTED** to **DISMISS** the Franklin County Children Services and the Ohio Department of Job and Family Services from this action. Ohio Youth Advocate Program is the only remaining Defendant in this action.

**IT IS SO ORDERED.**

                                      **/s/ Gregory L. Frost**
                                      **GREGORY L. FROST**
                                      **UNITED STATES DISTRICT JUDGE**