**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SHANDA MATHIS, et al.,**

    **Plaintiff,**

v.

**OHIO DEPARTMENT OF JOB AND
FAMILY SERVICES, et al.,**

    **Defendants.**

**Case No. 2:11-cv-395
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King**

## OPINION AND ORDER

This matter is before the Court on the following filings:

1. Defendant National Youth Advocate Program's ("NYAP")[1] motion for judgment on the pleadings and/or summary judgment (ECF No. 47);

2. Plaintiff Shanda Mathis's combined opposition to NYAP's motion for summary judgment and motion for appointment of a guardian ad litem for minor Plaintiffs (ECF No. 52); and

3. NYAP's combined reply in support of its motion for judgment on the pleadings and/or summary judgment and opposition to Mathis's motion for appointment of a guardian ad litem (ECF No. 53);

4. NYAP's motion to strike or exclude Plaintiff Mathis's expert witness from testifying at trial for failure to comply with the Court's pretrial order (ECF No. 48) and motion to quash subpoenas and/or to exclude certain exhibits listed by Plaintiff Mathis from use at trial (ECF No. 51);

---

[1] Plaintiff named the Ohio Youth Advocate Program ("OYAP") as a defendant in this action.  OYAP is now known as NYAP.  Accordingly, this Court will refer to the Defendant as NYAP.

5. Plaintiffs' combined reply in support the motion for appointment of a guardian ad litem and opposition to NYAP's motions to strike and to quash (ECF No. 54); and

6. NYAP's combined reply in support of its motions to strike and to quash (ECF No. 55).

For the reasons set forth below, the Court **GRANTS** Defendant NYAP's motion for summary judgment, **DENIES** Plaintiff Mathis's motion for appointment of a guardian ad litem, and **DISMISSES WITHOUT PREJUDICE** the claims of the minor children. The Court also **TERMINATES AS MOOT** the motion to strike or exclude Plaintiff's expert (ECF No. 48) and the motion to quash subpoenas and/or exclude certain exhibits (ECF No. 51).

**I.**

Plaintiff Mathis, purportedly on behalf of herself and her five minor children (identified as "M.C.," "M.C.," "D.C.," "D.C.," and "A.C."), filed this action alleging violation of their Fourth and Fourteenth Amendment rights, as well as violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"). The gist of Plaintiffs' Complaint is that the Columbus Police Department wrongfully seized Mathis's minor children in July 2007, leading to the children being adjudicated dependent and placed in the temporary custody of Franklin County Children's Services ("FCCS").[2]

Neither the Plaintiffs' Complaint nor the opposition to Defendant NYAP's motion for summary judgment is a model of clarity with regard to the events that give rise to the lawsuit filed in this Court. It appears from the record that the Ohio Tenth District Court of Appeals

---

[2] Plaintiff also alleges that NYAP "committed agaravate [sic] sexual abuse of minors [sic] Plaintiffs where they were aware of Sexual violator/offender orders to stay away from minors." (Compl., ECF No. 3 at PageID# 11.) In her opposition to summary judgment, Plaintiff mentions "gross sexual imposition" as a basis of her claims. But apart from these fleeting references, Plaintiff Mathis makes no reference to this theory of liability, much less present any evidence concerning what sexual abuse or "gross sexual imposition" allegedly occurred. Accordingly, to the extent Plaintiff bases any claims upon purported sexual abuse, the Court deems the claim(s) abandoned.

affirmed the adjudication of Plaintiff Mathis's minor children as neglected and dependent, as well as the award of temporary custody of the children to FCCS. *In the Matter of M.C.*, 10th Dist. Nos. 08AP-327, 08AP-328 (Ohio Ct. App. Mar. 5, 2009) (slip opinion).  The state court of appeals' opinion summarizes the facts underlying Plaintiffs' claims as follows:

> By separate complaints, a case worker from the Ohio Youth Advocate Program ("OYAP") alleged that [Mathis's] children were neglected and dependent children pursuant to [Ohio] R.C. 2151.03(A)(2) and 2151.04(C), respectively.  According to the complainant, on July 6, 2007, police officers found [Mathis's] children in a car n [sic] a parking lot in downtown Columbus, Ohio.  When police officers found appellant's children, the five younger children were in the care of their older half-sibling, who was about 12 years old at the time.  [Mathis] and one of her sisters purportedly had left the children for approximately one and one-half hours while they looked for assistance because [Mathis's] car had become disabled.  When [Mathis] and her sister returned, [Mathis] was allegedly uncooperative with police officers who were concerned about the children's welfare.
>
> The complainant also alleged that on July 9, 2007, while investigating a call, police officers found [Mathis], her sister, and all six children asleep in a car in a parking lot during the early predawn hours. When questioned by police, [Mathis] purportedly stated they had been waiting for a friend who had agreed to allow them to stay with her.  However, [Mathis] allegedly was unable to provide police officers with the name or address of this friend. Because there was insufficient safety restraints in the car to permit [Mathis] and all the other occupants to drive away safely, police took the children to FCCS where [Mathis] allegedly became uncooperative. At some point, [Mathis] allegedly informed an FCCS worker that she was being "stalked" by a woman in Toledo, Ohio, who purportedly sabotaged efforts by other people to assist her. The complainant further alleged that [Mathis] lacked stable housing, failed to complete a requested psychological evaluation, and failed to attend a case review meeting.
>
> Finding sufficient information to proceed and that FCCS had made reasonable efforts to prevent the continued removal of the children from their home, the juvenile court, through a magistrate, placed the children in the temporary custody of FCCS and ordered [Mathis] to submit to a psychological evaluation.  The juvenile court also appointed a guardian ad litem for the children.  [Mathis] thereafter moved to dismiss the action, which the juvenile court, through a magistrate, later denied.
>
> After the juvenile court, through a magistrate, held an adjudicatory hearing . . . , the magistrate found all six children to be neglected and dependent children.

*Id.* at 3-4.

Plaintiff Mathis filed the complaint in this action on May 9, 2011, nearly four years after the events giving rise to her claims. The Complaint alleges (1) violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution based on the purportedly unlawful seizure of the minor children and (2) a federal RICO claim based upon a purported theory that Defendants "kidnapped" her minor children through racketeering activity. (Compl., ECF No. 3 at PageID# 10-11.) Plaintiff Mathis purported to bring the Complaint on behalf of herself and her minor children. (*Id.* at PageID # 10.) Plaintiffs' Complaint named the Ohio Department of Job and Family Services ("ODJFS"), FCCS, and the NYAP as Defendants. (*Id.*) This Court previously dismissed all claims against ODJFS and FCCS in this action, leaving NYAP as the only remaining Defendant. (ECF No. 25.) The matter is now before the Court on NYAP's dispositive motion, which the Court granted leave for NYAP to file. (ECF No. 41.)

## II.

Defendant NYAP has styled its motion one for "judgment on the pleadings and/or summary judgment." (ECF No. 47.) The Court will treat this motion as a motion for summary judgment under Fed. R. Civ. P. 56. Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted).

When the moving party meets its initial burden, the nonmovant can escape summary judgment by designating specific facts showing that there is a genuine issue for trial. *Kimble v.*

*Wasylyshyn*, 439 Fed. Appx. 492, 2011 WL 4469612, at *3 (6th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011). The nonmoving party must direct the court to evidence upon which a reasonable trier of fact could find in her favor. *Id.* "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322-23).

### III.

#### A. Minor Children as Plaintiffs

The Complaint in this case lists Shanda Mathis and her five minor children as Plaintiffs in this case. Mathis purports to bring this action on behalf of herself and the minor children. (Compl. , ECF No. 3, at PageID# 10.) In its motion for summary judgment, NYAP urges that the children's claims must be dismissed because Mathis is a non-attorney and, therefore, cannot bring claims "pro se" on behalf of her children. The Court agrees with NYAP.

Although 28 U.S.C. § 1654 provides that parties "may plead and conduct their own cases personally or by counsel," the statute does *not* permit plaintiffs to appear pro se on behalf of interests other than their own. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see also Curtis v. Hamby*, No. 5:12-cv-13, 2013 U.S. Dist. LEXIS 131832, at *5 (W.D. Ky. Sept. 16,

5

2013); *Mitchell v. Taylor*, No. 3:13-cv-569, 2013 U.S. Dist. LEXIS 93304, at *2-3 (M.D. Tenn. July 3, 2013). "Consequently, in a civil rights action, 'parents cannot appear pro se on behalf on their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.'" *Id.* (quoting *Shepherd*, 313 F.3d at 970).

Plaintiff Mathis, as the mother of the minor children, is not entitled to bring this action on behalf of her children without legal representation by counsel. It is therefore appropriate to dismiss the minor children's claims without prejudice. *Id. See also Bender v. Metro Nashville Bd. of Edn.*, No. 3:13-cv-470, 2013 U.S. Dist. LEXIS 100545, at *7-8 (M.D. Tenn. July 18, 2013) (dismissing without prejudice claims brought by parents on son's behalf); *Bethel v. Middletown City School Dist.*, No. 1:11-cv-206, 2011 U.S. Dist. LEXIS 54179, at *5-6 (S.D. Ohio Apr. 21, 2011) (dismissing without prejudice claims brought by parents on behalf of minor children).

To avert dismissal of her children's claims, Mathis asks this Court to appoint a guardian ad litem. (ECF No. 52.) But this request is a nonsequitur to the issue actually before the Court. Even if this Court were inclined to appoint a guardian ad litem to protect the minor children's interests, that would not solve the problem at hand. Whether it is Mathis or the guardian ad litem who is representing the interests of the minor children, the children cannot bring their claims in this action without the assistance of counsel. There is no reason to delay the disposition of this case to appoint a guardian ad litem; the obstacle to Mathis's ability to bring her children's claims is not the necessity of a guardian ad litem but, rather, the necessity of counsel. The Court will not delay the disposition of this case in order to undertake the unnecessary action of appointing a guardian ad litem.

For these reasons, the Court **DISMISSES WITHOUT PREJUDICE** the claims of the minor Plaintiffs in this action and **DENIES** Plaintiff Mathis's motion for appointment of a guardian ad litem.

### B. Section 1983

Having dismissed without prejudice the claims asserted on behalf of the minor children, the Court proceeds to address the propriety of summary judgment on the merits of Plaintiff Mathis's claims brought on her own behalf. Mathis purports to bring a civil rights claim under 42 U.S.C. § 1983, alleging violation of her Fourth and Fourteenth Amendment rights as a result of the incidents leading to the "illegal seizure" of her minor children in 2007. *See, e.g.*, *Vinson v. Campbell County Fiscal Court*, 820 F.2d 194, 200-01 (6th Cir. 1987) (finding a cognizable § 1983 claim based on deprivation of a parent's Fourteenth Amendment right "in the custody of her children").

#### 1. NYAP as a "Conspirator" with a State Actor

To establish liability under § 1983, a plaintiff must show (1) conduct by an individual acting under color of state law and (2) that the conduct deprives the plaintiff of a right secured under the Constitution or laws of the United States. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). NYAP argues that it cannot be held liable under § 1983 because it is a private non-profit corporation. NYAP argues that it is a strictly private organization that contracts with FCCS to provide care to assist troubled youth and their families, "with the goal of strengthening and reunifying families." (Def.'s Mot., ECF No. 47 at PageID# 246; Timmerman Aff. ¶ 2, ECF No. 47-1 at PageID# 386-87.) NYAP provides services including foster care placement, mental health counseling, drug and alcohol treatment, housekeeping assistance, and other services to assist families. (Timmerman Aff. ¶ 3, ECF No. 47-1 at PageID# 387.)

7

In opposing NYAP's motion for summary judgment, Mathis attempts to establish the "state action" component of her § 1983 claim through the theory that NYAP was a "co-conspirator" of FCCS in the actions of which she complains.  Where a plaintiff claims cooperation or concerted action between state and private actors, the private actor may qualify as a state actor and therefore be subject to liability under § 1983.  *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).  In order to hold a private person liable under § 1983, a plaintiff must prove that the private actor willfully participated in joint action with those acting under color of law.  *Id.*  A plaintiff must prove a § 1983 conspiracy by showing that (1) a single plan existed, (2) the conspirators shared a general conspiratorial objective to deprive the plaintiff of a constitutional right, and (3) an overt act was committed.  *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007).  Rarely in a conspiracy case will there be direct evidence of an express agreement among public and private actors to violate a person's constitutional rights; thus, "circumstantial evidence may provide adequate proof of conspiracy."  *Weberg v. Franks*, 229 F.3d 514, 528 (6th Cir. 2000).  But in order to overcome summary judgment, Mathis has the burden to come forward with some evidence from which to infer that the defendants acted in concert in their unlawful acts.  *Jackim v. Sam's East, Inc.*, 378 F. App'x 556, 564-65 (6th Cir. 2010)

The problem with Mathis's claim is that she has failed to come forward with evidence to support the inference of a "conspiracy" to deprive her of her constitutional rights.  Mathis's opposition to summary judgment complains of the conduct of the Columbus Police Department in the allegedly unlawful traffic stop that started the series of events that eventually led to FCCS obtaining temporary custody of Mathis's minor children.  (Pl.'s Opp., ECF No. 52 at PageID# 616.)  Mathis further complains that FCCS "forcibly separated" her from her children and

committed "fraud upon the court" in bringing the neglect and dependency action in the Ohio juvenile court. (*Id.* at PageID# 617-18.) Mathis asks the Court to infer a "conspiracy" from the "fraudulent" neglect and dependency complaint.

Mere allegations of conspiracy are not enough to establish that NYAP acted under color of state law. In response to NYAP's motion for summary judgment, Mathis came forward with no *evidence* to support her claim of conspiracy. When opposing summary judgment, the nonmoving party must support her assertions of a genuinely disputed fact "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Mathis attaches a number of documents to her opposition (some authenticated, some not), but none of them helps her theory that there was a vast conspiracy involving NYAP to seize her children.

Notably, Plaintiff's response to NYAP's summary judgment is largely devoid of any allegations specific to NYAP's involvement. It appears that Mathis's sole basis for alleging NYAP to be a "coconspirator" is the fact that it was an NYAP caseworker who filed the original complaint of neglect and dependency with the state juvenile court. But there is simply no evidence of Mathis's theory that NYAP conspired with FCCS and the Columbus Police to deprive her of custody of her children. Without more, Mathis has failed to set forth the requisite material facts from which a *reasonable* trier of fact can infer a "conspiracy." To paraphrase the Sixth Circuit, the logical path from Mathis's allegations to a conclusion that NYAP acted in concert with a state actor to deprive her of her rights relies not on evidence or even a reasonable inference, but on pure fantasy. *Jackim*, 378 F. App'x at 565.

For these reasons alone, Mathis's claim under § 1983 cannot withstand summary judgment.

### 2. Statute of Limitations

Even assuming that Mathis's § 1983 claim were supported by evidence, she faces another problem. NYAP argues that the § 1983 claim is barred by the statute of limitations. The Court agrees.

In § 1983 actions, federal courts apply the statute of limitations from the state's general personal injury statute. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). In this case, Plaintiff Mathis argues that Defendants conspired to violate her rights beginning on July 9, 2007, at the latest, when she "was forcibly separated from" her children. (Pl.'s Opp., ECF No. 52, at PageID# 616.) Mathis filed this action, however, on May 9, 2011, well more than two years after the events giving rise to her claim. On its face, Mathis's claim is therefore time-barred.

In response to the statute-of-limitation argument, Mathis claims that the statute of limitations was tolled under Ohio Rev. Code § 2305.16 until May 6, 2009, when Mathis alleges she was found to be of sound mind. (Pl.'s Opp., ECF No. 52, at PageID# 627.) "When the statute of limitations is borrowed from state law, so too are the state's tolling provisions, except when they are 'inconsistent with the federal policy underlying the cause of action under consideration.'" *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010) (quoting *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980)). Here, NYAP does not argue that applying Ohio's tolling provision for periods of "unsound mind" would be inconsistent with the federal policy underlying § 1983. Rather, NYAP argues simply that Mathis has not presented evidence to support her argument for tolling.

10

On this point, NYAP is correct. Mathis vaguely asserts that "Defendants did not adjudicate Plaintiff to be of sound mind until May 6, 2009." (ECF No. 52, at PageID# 627.) Here, Mathis is referring to the fact that she could not regain custody over her children unless she "submitted to psychological evaluation where there was [sic] issues of mental disability or mental history or threat of harm or injury of minor Plaintiffs." (*Id.* at PageID# 632.) But this circumstance does not entitle Mathis to toll the statute of limitations.

None of the Defendants is a court of law, leaving it a mystery as to how any of them could adjudicate anything, much less Mathis's mental capacity between July 2007 and May 2009. And Mathis does not offer any evidence in opposition to summary judgment to demonstrate her argument for tolling (*i.e.*, evidence suggesting she was of unsound mind). Indeed, Mathis does just the opposite: she adamantly contends that she was *not* of unsound mind, even arguing that the doctor who evaluated her found no need for mental health services to be provided. (*Id.*) If anything, Mathis's arguments suggest the absence of tolling, not the applicability of it.

Absent evidence from which it could be inferred as a factual matter that Mathis was of unsound mind until May 6, 2009, Mathis cannot establish the applicability of tolling under Ohio Rev. Code § 2305.16. Summary judgment in NYAP's favor on Mathis's § 1983 claim is therefore appropriate on statute-of-limitations grounds.

### *C. RICO*

Plaintiff Mathis also alleges in her Complaint a claim under RICO. RICO provides that it "shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity"

or to conspire to engage in such activity. 18 U.S.C. § 1962(c) and (d). An "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact, although not a legal entity. 18 U.S.C. § 1961(4). "Racketeering activity" includes any act that is indictable as a violation of the mail and wire fraud statutes. 18 U.S.C. § 1961(1). "A 'pattern of racketeering activity' is defined as requiring at least two acts of racketeering activity," as predicate offenses, 18 U.S.C. § 1961(5). The predicate offenses must be ones "indictable under" a number of federal criminal statutes. 18 U.S.C. § 1961(1); *see also BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, 848 F. Supp. 818, 828 (S.D. Ohio 2012).

Private parties who have been injured by a violation of § 1962 of the RICO statute may bring a civil suit in federal court to collect damages. 18 U.S.C. § 1964(c); see also *Beck v. Prupis*, 529 U.S. 494, 496 (2000). A civil RICO claim has four elements: "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir.2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).

NYAP argues that Mathis cannot show there was an "enterprise." To satisfy the "enterprise" element, Mathis contends that "any informal group" constitutes an "enterprise" for purposes of RICO. (ECF No. 52, at PageID# 628.) To show such an enterprise, however, Mathis needs to show evidence of an ongoing organization, formal or informal, that functions as a continuing unit. "From the terms of RICO, it is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009); *see also United States v. Turkette*,

452 U.S. 576, 583 (1981) (describing an association-in-fact enterprise as "a group of persons associated together for a common purpose of engaging in a course of conduct").  Mathis's opposition to summary judgment provides no evidence in support of any of these features.  Her theory seems to be simply that NYAP acted in concert with FCCS, ODJFS, and/or the Columbus Police Department to commit "fraud upon the court" and remove Mathis's minor children from her custody (which Mathis characterizes as a "kidnapping").  Absent any evidence from which to infer an "enterprise" to conduct racketeering activity, Mathis cannot establish a RICO claim.

Moreover, Mathis's ability to show an "enterprise" is further undermined by this Court's prior ruling that the other Defendants originally named in this case—FCCS and ODJFS—cannot be held liable under RICO as a matter of law because these entities cannot form the requisite intent necessary to establish a RICO claim as a matter of law.  (Opinion and Order, ECF No. 25 at PageID# 139-40.)  Accordingly, this Court has found that FCCS and ODJFS cannot, as a matter of law, be part of a RICO "enterprise."  Without these parties, NYAP is left as the only RICO defendant.  NYAP, by itself, cannot be an "enterprise."

Mathis's RICO is also deficient for the absence of sufficient evidence to support a theory that NYAP participated in any "predicate acts" of racketeering activity.  Mathis relies on three alleged predicate acts—"kidnapping," "extortion," and "obstruction of justice."  (ECF No. 52 at PageID# 635.)  But Mathis has no evidence to support her fantastical theory that NYAP and the other Defendants engaged in a grand scheme to concoct a neglect and dependency action and fraudulently induce the juvenile court to grant temporary custody of Mathis's children to FCCS.  The summary judgment evidence before the Court shows:

- FCCS initiated an action of neglect and dependency when Columbus police alerted them about concerns over the well-being of Mathis's children;

- after the juvenile court found that Mathis's children were neglected and dependent, FCCS referred the children to NYAP for placement in foster homes;

- NYAP placed the children in foster homes to provide for their basic needs; and

- when Mathis fulfilled the requirements of a reunification plan set forth by the juvenile court, the children were returned to her.

(Timmerman Aff. ¶¶ 4-6, ECF No. 47-1 at PageID# 387-88.)

Mathis's contention that the juvenile court proceedings were somehow tainted by fraud and obstruction of justice are nothing more than conclusory assertions unsupported by evidence. There is simply no evidence of any predicate act upon which Mathis can base a RICO claim.

### D. *Nonexistent State Law Claims*

NYAP's motion for summary judgment also addresses Plaintiff Mathis's state-law claims, if any. (Def.'s Mot., ECF No. 47 at PageID# 259.) Though NYAP does not believe that the Complaint alleges state-law claims, NYAP asks the Court to decline to exercise supplemental jurisdiction over them in the event that the Court grants summary judgment on the federal claims in this action. (*Id.*) For her part, Mathis says that she has pleaded state-law claims under Ohio Rev. Code 2151.419, 2151.422(E), and 2907.05. (Pl.'s Opp., ECF No. 52 at PageID# 614.)

There is no need for the Court to formally dismiss state-law claims because none are pleaded in this action. Though Plaintiff Mathis' pro se Complaint is far from a model of clarity, it expressly pleads *only* federal claims based upon (1) the Fourth and Fourteenth Amendments to the United States Constitution and (2) the federal RICO statute. (ECF No. 3 at PageID# 10.) The Complaint does not give any semblance of notice to Defendants that there are claims brought based on state substantive law.

## IV.

For the reasons set forth above, the Court—

1. **DISMISSES WITHOUT PREJUDICE** the claims of the Plaintiff minor children M.C., M.C., D.C., D.C., and A.C.;

2. **GRANTS** the motion for summary judgment of Defendant NYAP (ECF No. 47), granting summary judgment in Defendant NYAP's favor on the claims of Plaintiff Shanda Mathis;

3. **DENIES** Plaintiff Mathis's motion for appointment of a guardian ad litem. (ECF No. 52); and

4. **TERMINATES AS MOOT** NYAP's motions to strike or exclude Plaintiff Mathis's expert witness for failure to comply with pretrial order (ECF No. 48) and to quash subpoenas and/or to exclude certain exhibits listed by Plaintiff (ECF No. 51).

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE